UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUSLAN A. BIZHKO,

    Petitioner,

v.

M. ELIOT SPEARMAN,[1]

    Respondent.

No. 2:18-cv-1076-JAM-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss (ECF No. 15), arguing that: (1) the petition, liberally construed, fails to allege facts to establish the existence of an actionable claim; and (2) petitioner's claims are unexhausted. Petitioner has filed an opposition to the motion. ECF No. 19. For the reasons set forth below, respondent's motion must be granted.

## Procedural Background

In August of 2014, a jury convicted petitioner of arson. In a separate case, he pleaded no contest to grand theft. The California Court of Appeal affirmed the judgment on direct appeal

---

[1] Petitioner names the State of California as respondent. The appropriate respondent in a habeas action is the individual which has immediate custody of the petitioner. 28 U.S.C. § 2242; *see also Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Respondent requests that M. Eliot Spearman, Warden of High Desert State Prison, be substituted. ECF No. 15 at 1 n.1. That substitution is so ordered.

1

(Lodg. Doc. No. 2) and the California Supreme Court denied review of the court of appeal's decision (Lodg. Doc. Nos. 3-4). None of the claims at issue in the immediate petition were raised on direct appeal. Rather, direct appeal raised only the question of whether the trial court violated petitioner's rights by failing to instruct the jury that an arson enhancement required a finding of specific intent. Lodg. Doc. Nos. 2-3.

Petitioner filed three state habeas petitions. The first, filed on January 13, 2015 in the Sacramento County Superior Court, sought resentencing. Lodg. Doc. No. 5. It was denied based on the superior court's finding of ineligibility. Lodg. Doc. No. 6. A second petition, filed on April 13, 2018 in the Sacramento Superior Court, was denied as untimely. Lodg. Doc. Nos. 7-8. A third petition was filed in the California Court of Appeal on April 26, 2018. Lodg. Doc. No. 9. That petition was summarily denied on May 3, 2018. Lodg. Doc. No. 10.

The instant federal petition was filed on April 30, 2018. ECF No. 1. Therein, petitioner raises four claims: (1) that petitioner is actually innocent, that his speedy trial rights were violated, and that his counsel was ineffective;[2] (2) he was not read his *Miranda* rights; (3) that he cancelled his home insurance prior to the date on which his home burned; and (4) witness testimony as to his guilt was inconsistent. *Id.* at 5-10.

<u>Applicable Legal Standards</u>

In the context of federal habeas claims, a motion to dismiss is construed as arising under Rule 4 of the Rules Governing Section 2254 in the United States District Courts which "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)). Accordingly, a respondent is permitted to file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards in reviewing the motion. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982). Rule 4 specifically provides that a district court may dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the

---

[2] These are obviously legally and factually distinct claims, but petitioner characterizes them as a single claim in his petition. ECF No. 1 at 5.

district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. As noted *supra*, the court may also take judicial notice of court records and does so here. *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010).

Analysis

As noted, respondent raises two arguments. Both are persuasive.

I.  Failure to State a Cognizable Claim

The petition does not intelligibly describe the substance or context of any of petitioner's claims. Petitioner identifies, in broad terms, the four claims cited *supra*. The facts alleged in support of those claims, however, are inscrutable. For instance, in support of his first claim, petitioner states:

> Once again, if . . . legal media who set me up to do their shit project [are] going to clean all evidence you do (sic) must do (sic) understand how this system made (sic) and work so much [bureaucratic] paper work, so you don't have paper work you (sic) guilty even if you do and can prove your innocen[ce] they still put you behind bars and they [are] going to try [to] make you [a] drug addict or homosexual. No thank you.

ECF No. 1 at 5. This statement simply has no effective bearing on whether: (1) petitioner is actually innocent; (2) his speedy trial rights were violated; or (3) whether his counsel was ineffective.[3]

The facts alleged in support of petitioner's other claims fare no better. In support of his *Miranda* claim, he states (in relevant part): "no one read my *Miranda* rights, no one [did] anything in my case to even try to investigate that fucking case. I can't believe tax payers pay [fire investigator Thomas George McKinnon] [a] paycheck every week." *Id.* at 7. Petitioner offers no factual context, such as when his *Miranda* rights were violated or how he was prejudiced thereby. His third claim is nothing more than the assertion that he would not have cancelled his home insurance if, in fact, he was guilty of purposefully burning his home. *Id.* at 8. Finally, petitioner alleges that the prosecution's witnesses were inconsistent insofar as "one

---

[3] Petitioner does allege, in the portion of the habeas form inquiring after whether he exhausted his administrative remedies, that his appellate attorney failed to exhaust his state remedies on "issues valuable and favorable to [him]" – though he does not say which – and exhausted only as to issues which were "valuable for her." ECF No. 1 at 5.

3

witness said blue, another witness said red, [and the] video shows beige color?" *Id.* at 10. Petitioner does little to explain what object's color the witnesses disagreed about. And even if two witnesses were inconsistent as to the color of an object, this alone would not state a cognizable federal habeas claim. Nothing in the petition suggests that any alleged inconsistency was not apparent to the jury who ultimately, having considered such discrepancies, found that petitioner was guilty.

It is well settled that conclusory allegations not supported by specific facts do not warrant habeas relief. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). And courts in this circuit have routinely dismissed unintelligible petitions. *See*, *e.g.*, *In re Hunter*, 1995 U.S. Dist. LEXIS 6178, 1995 WL 261459, at *2-3 (N.D. Cal. 1995); *Shaffer v. Duncan*, 2001 U.S. Dist. LEXIS 2803, 2001 WL 263237, at *2 (N.D. Cal. 2001).

## II. Exhaustion

In any event, it is clear that none of the foregoing claims were properly exhausted in state court. Petitioner filed three state habeas petitions – two in superior court and one with the California Court of Appeals. Thus, none of the claims were properly presented to the California Supreme Court. "State remedies have not been exhausted unless the petitioner's federal claim has been 'fairly presented to the state courts' and the highest state court has disposed of the claim on the merits." *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). And a federal court should dismiss a federal habeas petition where the petitioner has not exhausted any of the claims raised. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

## III. Petitioner's Opposition

Prior to concluding, the court briefly addresses petitioner's opposition. Therein, he points to the California Supreme Court's February 1, 2017 denial as evidence of his exhaustion. ECF No. 19 at 3; Lodg. Doc. No. 4. However, as addressed above, that denial was issued on direct appeal, which failed to raise any of the immediate claims. It is not sufficient that petitioner exhausted *any* claim before the California Supreme Court; rather he was required to exhaust the specific claims he now seeks to raise.

The remainder of the opposition merits little discussion. Petitioner argues, again in vague terms, that he is not a criminal and that the state is hiding exculpatory evidence. Such broad conclusions do not merit relief. He also contends that his pro se status and lack of legal knowledge warrants overlooking the deficiencies in his petition. It is true that pro se claimants are held to a lower standard than those represented by counsel, but the court cannot go so far as to invent cognizable claims where a petitioner has failed to plead them.

## Conclusion

Accordingly, it is ORDERED that the Clerk is directed to substitute Warden M. Eliot Spearman as respondent in this action.

Further, it is RECOMMENDED that respondent's motion to dismiss (ECF No. 15) be GRANTED and the petition be dismissed for failure to state a cognizable claim and for failure to exhaust.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 20, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE